UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DREXEL STEWART, Individually, and as Next Friend of MARKELL STEWART, a minor, § § § § § Plaintiff, § § v. § § COASTAL TRANSPORT, INC., § § Defendant. § § | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS ENTERED FEB 2 1 1996 MICHAEL N. MILBY, Clerk CIVIL ACTION H-95-5346 |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Plaintiff Drexel Stewart and Intervenors Bobby and Carolyn Stone's motions to remand (#'s 6 & 8). Having reviewed the motions, the submissions of the parties, the pleadings, and the applicable law, this court recommends that the motions to remand be granted.

1. Background

On September 28, 1993, Plaintiffs Drexel Stewart and Bobby Stone, employees of Defendant Coastal Transport, Inc., were injured in an explosion and fire at the facilities of Crown Central Petroleum Company in Pasadena, Texas, while filling their gasoline tanker trucks with gasoline. After the incident, they both received benefits under Coastal's Employee Safety Program, an employee benefit plan which provides compensation for lost wages and medical expenses to employees injured on the job. Coastal is a non-subscriber to Texas's workers' compensation insurance program.

On September 26, 1995, Stewart filed this action in state court asserting claims of negligence and gross negligence against Coastal in connection with the fire and explosion. Specifically, he seeks recovery for all damages, past and future, which are due to him and his minor son as a result of the explosion, fire, and resulting injuries, including but not limited to pecuniary loss, loss of earnings in the past, future lost earning capacity, loss of parental consortium, mental anguish, disfigurement, medical and hospital expenses, and physical pain and suffering. In his original petition, Stewart alleges that "the matters in controversy are exclusively state law claims," stating that "[n]o relief is sought pursuant to any federal law, rule or regulation." The following day, Bobby and Carolyn Stone filed their original petition in intervention seeking recovery from Coastal for the identical types of damages caused by Coastal's alleged negligence and gross negligence and similarly disclaiming that they were bringing any claims under federal law. Coastal filed its original answer in state court asserting as an affirmative defense, among other things, that when Stewart and Stone elected to participate in the Employee Safety Program, they waived, released, and agreed not to sue Coastal for the very claims they are asserting in this case.

Coastal filed its notice of removal on November 22, 1995, contending that this court has original jurisdiction of this action under 28 U.S.C. § 1331 and that it was removable under 28 U.S.C. § 1441(b) because it arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. Coastal claims that because the plaintiffs elected to recover and in fact received benefits under the Employee Safety Program, an ERISA covered plan, the plaintiffs' state law claims are preempted by ERISA. Also on November 22, 1995, Coastal filed an answer in federal court to Stewart's petition, asserting for the first time a counterclaim

2

seeking the recovery of all sums previously paid to Stewart under the terms of the ERISA plan. On December 11, 1995, Coastal filed an answer to the Stones' petition in intervention, also asserting a counterclaim for the recovery of all sums previously paid to the Stones under the terms of the ERISA plan.

Stewart and the Stones filed their motions to remand on December 6 and December 14, 1995, respectively. In their motions to remand, the plaintiffs allege that this case is based on Coastal's negligence in failing to maintain a safe workplace. They reiterate that all causes of action asserted are state law causes of action and that they are asserting no claim for benefits under any benefit plan. They also maintain that they are making no allegation that Coastal has failed to pay benefits due under Coastal's benefit plan and are asserting no claims involving the plan, its administration, or interpretation. Thus, according to the plaintiffs, this court has no subject matter jurisdiction over their claims, and this action should be remanded to state court.

Coastal, in its response to the motion to remand, while conceding that the plaintiffs are not seeking to recover benefits under the plan, contends that their claims are nevertheless preempted by ERISA. Coastal maintains that an integral part of the plan is the waiver and release by the employee of any causes of action against Coastal arising from injuries or death sustained in the course and scope of employment. According to Coastal, when the plaintiffs elected to participate in the plan, they gave up their rights to bring common law claims against Coastal for work-related injuries, such as the negligence and gross negligence claims asserted in this action. Coastal argues that because the waiver is an integral part of the plan, "the interpretation and application of the waiver clearly 'relates to' a qualified ERISA plan," noting that the plaintiffs' claims will survive or fail based solely on the interpretation of the waiver

3

provisions in the plan. Thus, Coastal maintains that removal was proper, as the plaintiffs' claims are preempted by ERISA and therefore fall within this court's federal question jurisdiction.

2.  Analysis

    A.  Removal and Remand

Only cases that could have been brought originally in federal court may be removed from state court. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981). In an action that has been removed, the district court is required to remand the case to state court if it determines, any time before final judgment, that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). When opposing a motion to remand, the removing party bears the burden of showing that removal was proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Associacion Nacional De Pescadores v. Dow Quimica*, 988 F.2d 559, 563 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 685 (1994); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981). When, as here, the plaintiff moves to remand for lack of jurisdiction, the burden of establishing original federal jurisdiction rests upon the defendant. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995); *Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 116 S. Ct. 180 (1995); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 185 (5th Cir.), *cert. denied*, 114 S. Ct. 192 (1993); *Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 543 (5th Cir. 1990). Because

4

removal jurisdiction raises significant federalism concerns, removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Willy*, 855 F.2d at 1164; *Burr v. Choice Hotels, Int'l, Inc.*, 848 F. Supp. 93, 94-95 (S.D. Tex. 1994); *Wortham v. Executone Info. Sys., Inc.*, 788 F. Supp. 324, 325 (S.D. Tex. 1992). Any doubts concerning the propriety of removal must be resolved against removal and in favor of remand. *Sheets*, 313 U.S. at 108; *Vasquez*, 56 F.3d at 694; *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981); *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D. Tex. 1992).

Where, as in this case, the citizenship of the parties is not diverse, for a case to be removable, it must fall within the court's federal question jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 399. Under 28 U.S.C. § 1331, the district courts are granted original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Federal question jurisdiction must be apparent on the face of the plaintiff's "well-pleaded complaint." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808; *Beers v. North Am. Van Lines, Inc.*, 836 F.2d 910, 912 (5th Cir. 1988); *Carter*, 618 F.2d at 1100. The court must ascertain whether a case arises under federal law by analyzing the claims set forth in the plaintiff's complaint. *Collins v. AAA Rent All, Inc.*, 812 F. Supp. 642, 643 (M.D. La. 1993). A determination of subject matter jurisdiction is based on the plaintiff's complaint at the time of removal, without regard to any subsequent amendments to the complaint or later actions taken by the parties. *Anderson v. Electronic Data Sys. Corp.*, 11 F.3d 1311, 1316 n.8 (5th Cir. 1994); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990); *Carter*, 618 F.2d at 1101.

B.  <u>The Texas Workers' Compensation Act</u>

Unlike most states, Texas permits employers to opt out of its statutory workers' compensation scheme and choose not to carry insurance coverage under the Texas Workers' Compensation Act (TWCA). *See* Tex. Lab. Code Ann. § 406.002. The state, however, makes that choice an unattractive one. The TWCA vests employees of non-subscribing employers with the right to sue their employers for work-related injuries or death. Tex. Lab. Code Ann. § 406.033. Furthermore, in any such action, the TWCA deprives the non-subscribing employer of traditional common law defenses such as contributory negligence, assumption of the risk, and negligence of a fellow employee. *Id*.

Although Coastal, as a non-subscriber, is not required to provide any benefits similar to workers' compensation benefits, Coastal offers its employees the opportunity to participate in the Employee Safety Program, which provides medical and wage replacement benefits to workers who sustain accidental, on-the-job injuries. While participation in the plan is voluntary, Coastal requires employees who elect to participate to sign an election form which contains the waiver and release language quoted below.

> By execution of this document, I hereby voluntarily elect to participate in the Employee Safety Program of Coastal Transport, Inc. (the "Plan"). AS REQUIRED BY THE TERMS OF THE PLAN, I, THE UNDERSIGNED, HEREBY FREELY, IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE AND AGREE NOT TO SUE UPON, ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER NOW EXISTING OR ARISING IN THE FUTURE, THAT I MAY HAVE AGAINST COASTAL TRANSPORT CO., INC., ITS OFFICERS, DIRECTORS, SHAREHOLDERS, AGENTS AND EMPLOYEES, THAT ARISE OUT OF OR ARE RELATED TO INJURIES OR DEATH SUSTAINED BY ME IN THE COURSE AND SCOPE OF MY EMPLOYMENT BY COASTAL TRANSPORT. CO., INC. . . .

6

**I UNDERSTAND THAT BY EXECUTION OF THIS DOCUMENT, I WILL LOSE THE RIGHT TO SUE COASTAL TRANSPORT CO., INC. AND PEOPLE EMPLOYED BY IT IN CONNECTION WITH INJURIES OR DEATH SUSTAINED IN MY EMPLOYMENT WITH COASTAL TRANSPORT CO., INC. MY ONLY REMEDY WILL BE TO BENEFITS UNDER THE PLAN.**

(emphasis in original.) Coastal's argument that the plaintiffs' claims are preempted hinges on this waiver. The plaintiffs do not dispute that the Employee Safety Program is governed by ERISA, but disagree with Coastal's position that the waiver contained in the plan brings this case within the scope of ERISA preemption.

C. <u>ERISA Preemption</u>

The preemption clause of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under the Act. 29 U.S.C. § 1144(a). The United States Supreme Court has held that the phrase "relates to" should be given a broad yet common-sense meaning; a state law claim relates to a benefit plan only "if it has a connection with or reference to" the ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). The Court has further stated that its interpretation of "relate to" effectuates "the 'deliberately expansive' language chosen by Congress." *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 113 S. Ct. 580, 583 (1992) (quoting *Dedeaux*, 481 U.S. at 46). Thus, ERISA preempts any state law that refers to or has a connection with an ERISA plan even if that law (i) is not specifically designed to affect such plans, (ii) effects such plans only indirectly, or (iii) is consistent with ERISA's substantive requirements. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994) (citing *Metropolitan Life Ins. Co. v.*

7

*Massachusetts*, 471 U.S. 724, 739 (1985)); *Shaw*, 463 U.S. at 98; *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525 (1981).

ERISA preemption, however, is not without limits. As the Supreme Court noted in *Shaw*, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n.21. The scope of ERISA, though comprehensive, remains subject to the traditional principles of federalism. *Hook*, 38 F.3d at 781 (citing *Alessi*, 451 U.S. at 522). The United States Court of Appeals for the Fifth Circuit has devised a two-prong test for determining whether a state law claim is preempted. The Fifth Circuit has found preemption of a state law claim if (i) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (ii) the claim directly affects the relationship among the traditional ERISA entities (*i.e.*, plan administrators/fiduciaries and plan participants/beneficiaries). *Id.*; *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

D. <u>Controlling Precedent</u>

While the scope of ERISA preemption is broad, the Fifth Circuit has issued two opinions rejecting preemption arguments that appear to be dispositive of the issues raised in the case at bar. *See Texas Health Enters., Inc. v. Reece*, 44 F.3d 243, 244-45 (5th Cir. 1994); *Hook*, 38 F.2d at 783-787. In *Hook*, an employee brought a negligence action for work-related injuries against her employer, alleging that it had failed to provide a safe workplace. As in this case, the non-subscribing employer offered an ERISA plan that provided benefits for work-related injuries in lieu of workers' compensation benefits. Participation in the plan was voluntary, but

8

employee was required to sign a waiver that closely parallels that included in the Coastal plan. The court found that Hook's negligence claim, standing alone, was not preempted by ERISA because it affected only her employer/employee relationship with her employer, not her administrator/beneficiary relationship with the company. *Hook*, 38 F.3d at 783. The court determined that her unsafe workplace claim was "totally independent from the existence and administration of [the] ERISA plan," pointing out that Hook neither sought benefits under the plan nor claimed that her employer improperly processed her claim for benefits, but instead sought only damages for alleged negligent maintenance of the workplace. *Id.* at 784.

The Fifth Circuit noted in *Hook* that numerous federal district courts in Texas have concluded that a tort claim alleging an unsafe workplace does not relate to an ERISA plan. *Id.* (citing *Westbrook v. Beverly Enters.*, 832 F. Supp. 188 (W.D. Tex. 1993); *Pyle v. Beverly Enters.-Texas, Inc.*, 826 F. Supp. 206 (N.D. Tex. 1993); *Gibson v. Wyatt Cafeterias, Inc.*, 782 F. Supp. 331 (E.D. Tex. 1992); *O'Neill v. Pro-Set Press*, 1992 WL 404456 (N.D. Tex. 1992); *Nunez v. Wyatt Cafeterias, Inc.*, 771 F. Supp. 165 (N.D. Tex. 1991)). Here, just as in *Hook* and the district court cases, the plaintiffs' claims are based on a "'traditional state authority'"—"'common law principles that find their origins in Texas case law dating back to the 1870's.'" *Westbrook*, 832 F. Supp. at 191 (quoting *Nunez*, 771 F. Supp. at 167); *see generally, International & Great Northern R.R. Co. v. Doyle*, 49 Tex. 190 (1878). Similarly, the rights plaintiffs assert in this action "'are entirely independent of the Plan . . . [and] [t]hey would exist, and plaintiff[s] presumably would assert them, even if the Plan were not in existence.'" *Westbrook*, 832 F. Supp. at 192 (quoting *Nunez*, 771 F. Supp at 167).

9

In *Hook*, the Fifth Circuit rejected the contention, as made by Coastal now, that the waiver contained in the plan transformed Hook's common law negligence claim into one that was preempted by ERISA. *Hook*, 38 F.3d at 785. The court declared that by focusing on the waiver, the employer "turned ERISA preemption analysis on its head." *Id.* The employer argued, as does Coastal, that Hook's cause of action was preempted because the waiver, as part of the plan, related to Hook's claim. *Id.* The court rebuffed this argument, stating:

> Instead, the appropriate question in any ERISA preemption case is whether the state law relates to an ERISA plan. 29 U.S.C. § 1144(a). [The employer's] inverted analysis cannot be reconciled with either ERISA's statutory language or the case law interpreting it. More importantly, [the employer's] analysis would lead to a broad expansion of employer authority that we believe has no basis in ERISA. Specifically, [the employer's] analysis would enable employers to avoid *any* state law simply by referring to that law in its ERISA plan. Congress clearly did not intend to vest employers with such authority. To the contrary, ERISA was "designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw*, 463 U.S. at 90, 103 S. Ct. at 2896.

*Id.* In short, "a law or claim is preempted when *it* relates to an ERISA plan, and not the reverse." *Id.* (emphasis in original.) Moreover, as the court commented in *Westbrook*, the validity of the type of waiver contained in the Coastal plan has traditionally been subject to and determined by state authority. 832 F. Supp. at 192. Any effect of the waiver, or its enforceability, can therefore be determined in state court. *Id.*; *see Hook*, 38 F.3d at 785 n.12. The Fifth Circuit observed that in *Shaw*, the Supreme Court expressed no views about where it would be appropriate to draw the line between those claims that are too tenuous or remote to warrant preemption and those that are not. *Hook*, 38 F.3d at 786 (citing *Shaw*, 463 U.S. at 100 n.21). The Fifth Circuit, however, concluded:

> In this case, we draw the line here: a common law negligence claim which alleges only that an employer failed to maintain a safe workplace does not "relate

10

to" an ERISA plan merely because the employer has inserted a waiver of the right to bring such a claim into its ERISA plan.

*Id.*

In *Reece*, the employer also offered an employee benefit plan that provided medical, wage replacement, death, and dismemberment benefits to employees who sustained accidental, occupational injuries. 44 F.3d at 244. To participate in the plan, the employee was required to make a written election that included a provision specifically waiving and releasing all common law remedies for injuries covered by the plan. Several employees who had elected to participate in the plan suffered on-the-job injuries and received plan benefits but also initiated common law occupational injury claims against their employer. The employer, as administrator of the plan, brought an action under 29 U.S.C. § 1132 against the employees to enforce the terms of the plan, seeking a declaratory judgment that the employees were bound by the waiver provision and could not bring their state law personal injury claims. *Id.* at 245. The employer, as administrator, also sought to enjoin the employees from bringing their state law claims. *Id.* In *Reece*, the Fifth Circuit, relying on *Hook*, found that these issues did not relate to federal ERISA law and were to be resolved under state law, upholding the district court's refusal to exercise jurisdiction over the administrator's claims. *Id.* The Fifth Circuit reaffirmed its holding in *Hook* that "preemption is not triggered and a federal court is not forced to accept jurisdiction over a state law claim 'merely because the employer crafts its ERISA plan in such a way that the plan is inconsistent with that law or claim.'" *Id.* (quoting *Hook*, 38 F.3d at 785).

In this case, Coastal tries to distinguish *Hook* on the grounds that it did not involve a counterclaim by the employer to recoup benefits from the employees. The counterclaim, however, is similar to the claim asserted by the employer, as plan administrator, in *Reece*, which

11

the Fifth Circuit held not to be preempted by ERISA. In fact, in *Reece*, the employer was suing as plan administrator, not just as employer, and alleged that its claims were brought under the provisions of ERISA allowing a fiduciary to bring an action to enjoin any act or practice that violated any terms of the plan and to obtain other appropriate equitable relief to redress such violations or to enforce any terms of the plan. *See* 28 U.S.C. § 1132(3); *id.* at 244. Even under those circumstances, which appear more directly to implicate the provisions of ERISA, the Fifth Circuit found the claims to be outside the scope of ERISA and governed by state law. *Id.* at 245. Moreover, as noted above, removability is determined as of the time the action is removed from state court. *Anderson*, 11 F.3d at 1316 n.8; *Brown*, 901 F.2d at 1254; *Carter*, 618 F.2d at 1101. Therefore, Coastal's counterclaims, which were not filed until after the case had been removed to federal court, could have no impact on the question of removal jurisdiction. Hence, Coastal's attempt to rely on its counterclaims as a vehicle for establishing federal question jurisdiction is without merit.

      The court is concerned, as was Judge Jones in her dissenting opinion in *Hook*, that the plaintiffs want "to have their cake and eat it by collecting benefits and then suing [their employer]." *Hook*, 38 F.3d at 787. This court, however, is bound by Fifth Circuit precedent. *See Jett Racing & Sales, Inc. v. Transamerica Commercial Fin. Corp.*, 892 F. Supp. 161, 163 (S.D. Tex. 1995); *Cedillo v. Valcar Enters. & Darling Delaware Co., Inc.*, 773 F. Supp. 932, 936 (N.D. Tex. 1991); *B.L. Peregoy v. Amoco Prod. Co.*, 742 F. Supp. 372, 375 (E.D. Tex. 1990), *aff'd*, 929 F.2d 196 (5th Cir.), *cert. denied*, 502 U.S. 864 (1991). Here, there is Fifth Circuit authority that is directly on point, which this court must follow absent intervening United States Supreme Court or *en banc* Fifth Circuit decisions to the contrary. *See Jones v. Coughlin*,

45 F.3d 677, 679 (2d Cir. 1995); *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 988 F.2d 386, 411 n.25 (3d Cir.), *cert. denied*, 114 S. Ct. 289 (1993). Thus, Coastal "cannot rely on the Plan's waiver provision to force jurisdiction upon the federal courts when the Fifth Circuit has already held that the issues presented . . . are ones of state law." *Reece*, 44 F.3d at 245.

3. Conclusion

Although ERISA preemption is far-reaching, this court must follow Fifth Circuit precedent holding that negligence claims as alleged by the plaintiffs are not preempted by ERISA, but involve only matters of state law. Therefore, this court lacks subject matter jurisdiction over this action, as Coastal has failed to establish that it falls within the court's federal question or diversity jurisdiction. Consequently, this case should be remanded to the 215th Judicial District Court of Harris County, Texas.

The parties have ten days from receipt to file specific, written objections to the memorandum and recommendation. Failure to file objections bars an attack on the factual findings on appeal. The original of written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208-1010. Copies of the objections must be mailed to the opposing parties and to the chambers of the magistrate judge, P.O. Box 610070, Houston, Texas 77208-0070.

SIGNED at Houston, Texas, on *February 20*, 1996.

*Marcia A. Crone*
Marcia A. Crone
United States Magistrate Judge

13